Walter Riley SBN 95919
LAW OFFICE OF WALTER RILEY
1407 Webster Street, Suite 206
Oakland, CA 94612
walterriley@rrrandw.com
(510) 451-1422
(510) 451-0406 (fax)

Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEYS FOR DEFENDANTS FATHI
ABDULRAHIM HARARA AND NATIVE GROUNDS INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cv-04849-SI |
| Plaintiff, | **ANSWER** |
| v. | |
| FATHI ABDULRAHIM HARARA AND NATIVE GROUNDS, LLC, d/b/a JERUSALEM COFFEE HOUSE, | |
| Defendants. | |

  Defendants Fathi Abdulrahim Harara and Native Grounds Inc. file this Answer to Plaintiff's Complaint (ECF 1), as follows:

  1. This paragraph is a legal conclusion to which no response is required.

  2. Admit

  3. Admit

  4. Admit that Plaintiff is the U.S. government.

|   |   |   |
|---|---|---|
| 5. | Admit first sentence and deny the second. |
| 6. | Deny |
| 7. | Admit |
| 8. | Admit |
| 9. | Admit |
| 10. | Admit first sentence. Admit that the coffee house posted its menu that included the quoted drinks on social media on October 7, 2023, and deny the remainder of the second sentence. Admit that the articles cited make the assertions in the third sentence but lack knowledge or information sufficient to form a belief about the truth of those assertions. |
| 11. | Admit first sentence. Lack knowledge or information sufficient to form a belief about the truth of the allegation in the second sentence. |
| 12. | Deny that the coffee house is part of the premises of EBCS and admit the remainder of this paragraph. |
| 13. | Admit the first sentence. Lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence. For the third sentence, admit that EBCS has its own entrance and that its website contains a link to and description of the coffee house; admit that a passageway between EBCS and the coffee house exists but deny that passage is accessible to the public absent special occasion. Admit the fourth sentence. |
| 14. | This paragraph is legal conclusions to which no response is required. |
| 15. | This paragraph is legal conclusions to which no response is required. |
| 16. | Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. |
| 17. | Lack knowledge or information sufficient to form a belief about the truth of the allegation in this paragraph. |
| 18. | Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. |
| 19. | Admit |
| 20. | Admit the first sentence. Deny the second and third sentences. |

21. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Deny first sentence. Lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

24. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. Admit first sentence. Lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of this paragraph.

27. Admit that Harara was working that day, deny that any employee had asked Radice if he was a Jew, and deny that there were three employees working behind the counter.

28. Deny

29. Admit that at one point in the exchange between Harara and Radice, Harara asked Radice if he was going to make a purchase and deny the remainder of the first sentence. Deny second sentence.

30. Deny

31. Deny

32. Lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of this paragraph. Deny the third sentence.

33. Deny

34. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. Admit.

36. Admit.

37. Admit

38. Admit the first sentence. Lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence.

39. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. Lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. Admit the first sentence. Deny the second sentence. For the third sentence, admit that Hirsch and his son used the restroom but deny that it is located in the back of the coffee house.

43. Admit

44. Deny first sentence. For the second sentence, admit that Harara asked Hirsch if he was a Zionist during Hirsch's staged disruption but deny the remainder of this sentence. For the third sentence, Defendants cannot discern the chronology Plaintiff alleges but admit that Harara asked Hirsch to leave the café.

45. Deny

46. Admit the first sentence. Deny the second sentence inasmuch as those statements were not false. Admit the third and fourth sentences.

47. Admit the first sentence other than lack knowledge or information sufficient to form a belief about whether Rena Raven Don was an employee of EBCS. Deny second sentence.

48. Admit first and second sentences. Lack knowledge or information sufficient to form a belief about whether Don implied that Hirsch should leave because he entered a Palestinian business, as the allegations in the third sentence imply. For the fourth sentence, admit that Hirsch refused to leave and deny that any illegal discrimination took place.

49. Deny

50. Admit the first sentence. Admit that Hirsch made the statements in the second sentence but deny they are true.

51. For the first sentence, admit that Harara made the quoted statement but lack information or belief as to what Harara supposedly "responded." For the second sentence, admit that Harara repeatedly told officers to remove Hirsch and arrest him but deny the remainder of the sentence.

52. Admit first sentence. For the second sentence, admit that one of the police reports included the quoted language.

53. Admit the allegations in this paragraph except to the extent "nevertheless" implies that police should not have removed Hirsch from the café.

54. Deny the first sentence and admit the second.

55. Admit

56. Deny

57. Deny first sentence other than admit that Harara insulted Hirsch to Hirsch and his son. For the second and third sentences, admit that the exchanges between Hirsch and Harara included the quoted language. Deny the fourth sentence.

58. Defendants incorporate their corresponding responses.

59. This paragraph comprises legal conclusions to which no response is required. To the extent parts of the paragraph could be considered factual allegations, they are denied.

**AFFIRMATIVE DEFENSES**

<u>First Amendment Retaliation</u>

The U.S. government brought this case to retaliate against Defendant Harara's protected political speech in favor of Palestinian human rights. It would not have brought this case were it not for that protected political speech.

<u>First Amendment Protected Speech</u>

The U.S. government's Complaint is not based upon religious discrimination but upon Defendant Harara's speech protected by the First Amendment.

<u>Unclean Hands</u>

The U.S. government brought its Complaint with no meaningful investigation for the

purpose of silencing a Palestinian-owned establishment that unapologetically condemns Israel's genocide against the Palestinian people, in which the U.S. government is complicit. The government's purpose has an immediate and necessary relation to the equitable relief that the government seeks in this litigation.

                                        Respectfully submitted,

                                        /s/ Glenn Katon
                                        Glenn Katon