HARMEET K. DHILLON
Assistant Attorney General
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
AMIE S. MURPHY (NYRN 4147401)
Deputy Chief, Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Tel.: (202) 598-9726
Email: amie.murphy2@usdoj.gov

*Attorneys for Plaintiff United States of America*

GLENN KATON (SBN 281841)
Katon Law
385 Grand Ave. Suite 200
Oakland, CA  94610-4816
Tel.:  (510) 463-3350
Email:  gkaton@katon.law

WALTER RILEY (SBN 95919)
1407 Webster St., Suite 206
Oakland, CA  94612
Tel.:  (510) 451-1422
Email:  walterriley@rrrandw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>FATHI ABDULRAHIM HARARA and NATIVE GROUNDS, LLC, d/b/a JERUSALEM COFFEE HOUSE,<br><br>        Defendants. | CASE NO. 3:25-cv-04849-SI<br><br>Coordinated with<br><br>Case No. 4:25-cv-02060-SI<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:  December 12, 2025<br>TIME:  12:00 PM PST<br>JUDGE:  The Honorable Susan Illston |

Pursuant to Civil Local Rule 16-9 and the Court's Standing Order, Plaintiff, the United States of America, and Defendants Fathi Abdulrahim Harara And Native Grounds, Inc. ("Defendants") (collectively, "the parties"), respectfully submit this Subsequent Joint Case Management Statement.

**1.      Jurisdiction and Service**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The basis for the Court's jurisdiction is 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 2000a-5(a). Defendants have waived service of process.  *See* ECF No. 4.  No other parties remain to be served.  The parties do not contest jurisdiction or venue.

**2.      Facts**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The United States alleges that Defendants, who own and operate a coffee house in Oakland that is open to the general public, refused on three occasions to serve two customers, Michael Radice and Jonathan Hirsch, because they are Jewish.  Both customers were wearing baseball caps with the Star of David, which a symbol of the Jewish religion.  The United States' factual allegations are set forth fully in its Complaint and incorporated herein by reference.  Compl. ¶¶ 7-57, ECF No. 1.  Defendants do not dispute that Messrs. Radice and Hirsch visited the coffee house but deny that they discriminated on the basis of race and/or religion.

**3.      Legal Issues**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The parties dispute whether Defendants violated Title II of the 1964 Civil Rights Act ("Title II") by denying Messrs. Radice and Hirsch the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation … without discrimination or segregation on the ground of" race or religion.  *See* 42 U.S.C. § 2000a(a).  The parties

further dispute whether Defendants "engaged in a pattern or practice of resistance to the enjoyment of any of the rights secured by" Title II. *See id.* § 2000a-5(a).

**4.     Motions**

Since the last case management conference, no party in this case has filed any motion that has yet to be resolved.  Following the last case management conference, and per stipulation, the Court entered an Order granting a modified stipulated motion to coordinate the above-captioned case with *Radice v. Jerusalem Boxing Club, LLC, et al.*, Case No. 4:25-cv-02060-SI, with provisions pertaining to the coordination of discovery across the two cases.

At midnight on September 30, 2025, the act that had been funding the Department of Justice expired and appropriations to the Department lapsed.  On October 31, 2025, the parties jointly requested a stay of the litigation, ECF No. 32, which the Court granted on the same date, ECF No. 33.  On November 7, 2025, the Court entered an Order granting a stipulation to continue the case management conference in the *Radice* case scheduled for November 14, 2025 so that the subsequent conference could include counsel for the United States.

On November 17, 2025, the United States filed a notice of resumption of appropriations notifying the Court that appropriations were restored on the evening of November 12, 2025.  While the United States filed two notices delaying the filing of a joint proposed case management plan, first due to the Thanksgiving holiday and most recently because parties are still in discussions, the second notice stated the parties would present a joint proposal on December 5, 2025.

**5.     Amendment of Pleadings**

The deadline for amending the pleadings has passed and no party has elected to amend its pleadings.

**6.     Evidence Preservation**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The parties certify that they have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information.  On August 5, 2025, the parties met and conferred under Rule 26(f)

of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps the parties have taken to preserve relevant evidence.

**7.    Disclosures**

The parties have exchanged initial disclosures as required.

**8.    Discovery**

The United States currently anticipates taking discovery related to the incidents of discrimination alleged in the complaint.  Such discovery may include written discovery concerning Defendants' operation of the Jerusalem Coffee House and depositions of Defendants, their employees, and other witnesses to the incidents.   Defendants also anticipate taking written discovery and depositions relating to Plaintiff's claims and Defendants' affirmative defenses, including the deposition of Attorney General Pam Bondi, who made public statements admitting the bases for Defendants' affirmative defenses. The parties do not currently propose any changes to the discovery limits set forth in the Federal Rules of Civil Procedure.

The United States conferred with Defendants' counsel as well as counsel for Plaintiff in the related case, *Radice v. Jerusalem Boxing Club, LLC et al.*, Case No. 3:25-cv-02060.  Given the time lost due to the lapse in appropriations, the United States proposes and Defendants do not object to the following proposed schedule:

| Event | Current Date | Proposed Date |
| --- | --- | --- |
| Expert Disclosures | December 15, 2025 | January 15, 2026 |
| Expert Rebuttal Disclosures | January 15, 2026 | February 16, 2026 |
| Close of Discovery | February 28, 2026 | NO CHANGE |
| Dispositive Motions | March 31, 2026 | NO CHANGE |
| Opposition Briefs | April 26, 2026 | NO CHANGE |
| Reply Briefs | May 5, 2026 | NO CHANGE |
| Final Pretrial Conference | July 10, 2026 | NO CHANGE |
| Trial Begins | On or after July 27, 2026 | NO CHANGE |

The proposed change to expert discovery deadlines is limited and does not affect other deadlines in the case.

The parties agree that they will produce electronically stored information (ESI) in its native format. If ESI cannot be produced or accessed in native format, the parties will produce it in PDF format, generated from its native format if possible. Information produced in PDF format will be Bates numbered.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

*Radice v. Jerusalem Boxing Club et al.*, No. 4:25-cv-02060 (N.D. Cal.); *Hirsch v. Native Grounds, Inc.*, No. 25CCV114083 (Cal. Sup. Ct. Alameda Cnty.).

**11.    Relief**

Pursuant to 42 U.S.C. § 2000a-5, the United States seeks only equitable relief.

**12.    Settlement and ADR**

The parties' positions remain the same as the last Case Management Statement. *See* ECF No. 18. For the Court's convenience, those positions are reproduced below.

The parties do not believe settlement negotiations or ADR would be fruitful at this time. The parties anticipate revisiting settlement and/or ADR discussions once discovery begins.

**13.    Other References**

The parties' positions remain the same as the last Case Management Statement. *See* ECF No. 18. For the Court's convenience, those positions are reproduced below.

Because this is a civil rights case filed by the United States, it is not appropriate for binding arbitration. This case is also not appropriate for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**14.     Narrowing of Issues**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The parties anticipate that certain issues will be narrowed by agreement or by motion once discovery commences.

**15.     Scheduling**

The parties' proposed case schedule is set forth in Paragraph 8 above.

**16.     Trial**

Because the United States seeks only equitable relief, the parties are not entitled to a jury trial on these claims.  *See Tull v. United States*, 481 U.S. 412, 417 (1987).  *See* Case No. 4:25-cv-02060, Am. Compl. 16, ECF No. 18; Answer 1, ECF No. 35.  However, the parties in *Radice* have sought and are entitled to a jury trial on Radices' nonequitable claims.

Per the Court's Order granting a modified stipulated motion to coordinate the above-captioned case with *Radice v. Jerusalem Boxing Club, LLC, et al.*, Case No. 4:25-cv-02060-SI, the parties are coordinating discovery across the two cases.  The United States is willing to try its claims before a jury on the question of liability concurrently with the *Radice* plaintiffs.  The United States believes that doing so would promote judicial economy by avoiding a second trial on plaintiffs' respective Title II claims, as well as the potential for inconsistent rulings between a bench and a jury trial.  The parties expect the trial to last between three to four days.

**17.     Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil Local Rule 3-15, Defendants filed a disclosure stating that Native Grounds, Inc. has no parent companies and that no publicly traded company owns 10% or more of their shares.

**18.     Professional Conduct**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The parties confirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other**

None.

Dated:  December 5, 2025

Respectfully submitted,

s/ Amie S. Murphy
AMIE S. MURPHY
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

*Attorneys for Plaintiff United States of America*


s/ Glenn Katon (by express permission)
GLENN KATON
Katon Law

WALTER RILEY

*Attorneys for Defendants*