KATON.LAW
385 Grand Avenue
Suite 200
Oakland, CA 94610
(510) 463-3350

Email: gkaton@katon.law

March 13, 2026

Hon. Susan Illston
U.S. District Judge
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    <u>U.S. v. Harara, Case No. 3:25-cv-04849-SI</u>

Dear Judge Illston:

    The parties submit this discovery dispute letter pursuant to ¶ 3 of the Court's September 23, 2025 Standing Order, concerning Plaintiff's Notice of Deposition of Abdulrahim Harara for March 27, 2026. Harara moves for a protective order to prevent that deposition from going forward on that day.

    **Defendant Harara's Position**: The Court should issue a protective order to stop the March 27 deposition of Harara from going forward for two reasons. *First*, Harara is not available that date because he does not have anyone to run the café on that day, closing it for the day would cause him financial hardship, and on Fridays he has Jummah prayer from 11:30am to 2:00pm, which is a holy ritual for practicing Muslims. *Second*, Harara is already being deposed on March 25 in the companion *Radice* case. The Court ordered Harara's deposition to take place during the week of March 23. ECF 80, 81. At no time during the February 27, 2026 Case Management Conference in this case and the Radice case, during which the Court addressed Harara's deposition scheduling with the parties, or in the Court's Orders regarding the deposition did the Court mention that Harara must sit for multiple days of deposition during the week of March 23.

    Harara is not refusing to sit for a second deposition outright. Rather, he is asking the Court only to stop the deposition noticed for March 27. It may be that a second day of deposition is needed. However, Harara should not be compelled to testify on the date noticed because of the hardships described above and because the parties stipulated and the Court ordered that

Letter to Judge Illston
*U.S. v. Harara*, Case No. 3:25-cv-04849-SI
March 13, 2026
Page 2

"Plaintiffs [Radice and United States] will avoid noticing duplicative depositions of the same witness." ECF 51, at 2.

Accordingly, it is submitted that after Radice takes Harara's deposition on March 25, the parties can meet and confer to determine if a second day of deposition is needed. If so, they can select a date that allows Harara's business to operate and allows him to worship on Jummah. The Court should, therefore, grant Harara's Motion for Protective Order.

**Plaintiff United States' Position**:

Counsel for the United States is traveling to San Francisco to appear and participate in the Deposition of Mr. Harara on Wednesday, March 25 and two additional witnesses on Thursday, March 26 noticed by the Plaintiff in the related case of *Radice v. Jerusalem Boxing Club et al.*, No. 4:25-cv-02060 (N.D. Cal.) The United States noticed the deposition in its own case for 8:00 am on Friday, March 27 to preserve the right to continue questioning Mr. Harara should the time given to the United States on the 25th be insufficient. The United States will accommodate Mr. Harara's religious observance of Islamic Friday Communal Prayer[1] but counsel for the United States is unable to return in person the following week. The April 3 expert designation deadline necessitates the completion of Mr. Harara's personal deposition in time to have any potential expert review the transcript with sufficient time to complete a report by April 3.

Respectfully submitted,

| | |
|---|---|
| /s/ Glenn Katon | /s/ Mazen M. Basrawi |
| Glenn Katon | Mazen M. Basrawi |
| | |
| ATTORNEY FOR DEFENDANTS | ATTORNEY FOR PLAINTIFF |
| JERUSALEM BOXING CLUB, LLC, | UNITED STATES |
| NATIVE GROUNDS, INC., | |
| and ABDULRAHIM HARARA | |

---

[1] Counsel for the United States also intends to observe the same Islamic communal prayer, but is confused as to why 2.5 hours is necessary when there are multiple mosques nearby in San Francisco and the prayer and sermon usually lasts no more than 45 minutes.