HARMEET K. DHILLON
Assistant Attorney General
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
AMIE S. MURPHY (NYRN 4147401)
Deputy Chief, Housing and Civil Enforcement Section
MAZEN BASRAWI (CABN 235475)
Trial Attorney, Housing and Civil Enforcement Section
Civil Rights Division
       U.S. Department of Justice
       950 Pennsylvania Avenue NW – 4CON
       Washington, DC 20530
       Tel.: (202) 305-5703
       Fax: (202) 514-1116
       Email: mazen.basrawi@usdoj.gov

*Attorneys for Plaintiff United States of America*

GLENN KATON (SBN 281841)
Katon Law
385 Grand Ave. Suite 200
Oakland, CA  94610-4816
Tel.:  (510) 463-3350
Email:  gkaton@katon.law

WALTER RILEY (SBN 95919)
1407 Webster St., Suite 206
Oakland, CA  94612
Tel.:  (510) 451-1422
Email:  walterriley@rrrandw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FATHI ABDULRAHIM HARARA and NATIVE GROUNDS, LLC, d/b/a JERUSALEM COFFEE HOUSE, <br><br> Defendants. | CASE NO. 3:25-cv-04849-SI <br><br> Coordinated with <br><br> Case No. 3:25-cv-02060-SI <br><br> **SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT** <br><br> DATE: April 3, 2026 <br> TIME: 12:00 PM PST <br> JUDGE: The Honorable Susan Illston |

Pursuant to Civil Local Rule 16-9 and the Court's Standing Order, Plaintiff, the United States of America, and Defendants Fathi Abdulrahim Harara And Native Grounds, Inc. ("Defendants") (collectively, "the parties"), respectfully submit this Subsequent Joint Case Management Statement.

**1.     Jurisdiction and Service**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The basis for the Court's jurisdiction is 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 2000a-5(a). Defendants have waived service of process.  *See* ECF No. 4.  No other parties remain to be served.  The parties do not contest jurisdiction or venue.

**2.     Facts**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The United States alleges that Defendants, who own and operate a coffee house in Oakland that is open to the general public, refused on three occasions to serve two customers, Michael Radice and Jonathan Hirsch, because they are Jewish.  Both customers were wearing baseball caps with the Star of David, which a symbol of the Jewish religion. The United States' factual allegations are set forth fully in its Complaint and incorporated herein by reference. Compl. ¶¶ 7-57, ECF No. 1. Defendants do not dispute that Messrs. Radice and Hirsch visited the coffee house but deny that they discriminated on the basis of race and/or religion. One of the hats had a phrase used by Israel when carrying out atrocities against the Palestinian people and the other hat, in the colors much like the Israeli flag, was worn by someone who antagonized customers and sought to cause a disruption. Defendants responded to those customers' hats and behavior, not their religion.

**3.     Legal Issues**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The parties dispute whether Defendants violated Title II of the 1964 Civil Rights Act ("Title II") by denying Messrs. Radice and Hirsch the "full and equal enjoyment of the goods, services, facilities,

privileges, advantages, and accommodations of any place of public accommodation … without discrimination or segregation on the ground of" race or religion.  *See* 42 U.S.C. § 2000a(a).  The parties further dispute whether Defendants "engaged in a pattern or practice of resistance to the enjoyment of any of the rights secured by" Title II.  *See id.* § 2000a-5(a).

**4.      Motions**

Defense counsel filed an administrative motion to withdraw on February 16, 2026, and the United States filed a response on February 23, 2026. There are currently no other pending motions. Based on Mr. Harara's deposition testimony, the United States anticipates filing a motion to amend its Complaint to replace Native Grounds, LLC with Jerusalem Boxing Club, LLC as a Defendant.

**5.      Amendment of Pleadings**

The deadline for amending the pleadings has passed.

**6.      Evidence Preservation**

The parties certify that they have reviewed the Court's Guidelines Relating to the Discovery of Electronically Stored Information. On August 5, 2025, the parties met and conferred under Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps the parties have taken to preserve relevant evidence.

The United States shares the concerns raised by the Plaintiff in the Radice case concerning ESI preservation. Defendants maintain that there is no basis for such concerns.

**7.      Disclosures**

The parties have exchanged initial disclosures as required.

**8.      Discovery**

In order to avoid duplication, the parties have agreed that all responses in the related case may be used by the United States. The United States served its First Set of Interrogatories to Defendants Fathi Abdulrahim Harara and Native Grounds, LLC on December 19, 2025. Defendants served their responses on January 20, 2026. The United States participated in the Radice deposition of the Defendant and took the deposition of Mr. Harara on March 27. It anticipates taking additional depositions of the corporate Defendants, their employees, and other witnesses to the incidents. Defendants maintain that Plaintiffs

have questioned Mr. Harara extensively on the practices of his business during two full days of questioning such that a Rule 30(b)(6) would be redundant. Defendants have requested the deposition of Attorney General Pam Bondi, who made public statements admitting the bases for Defendants' affirmative defenses. The United states opposes Defendants' position as Attorney General Bondi is not a fact witness in this case. The parties do not currently propose any changes to the discovery limits set forth in the Federal Rules of Civil Procedure, beyond the relaxation of the 7 hour limit to depositions to allow all parties to depose the witnesses.

Defendants served Requests for Production on Plaintiff on December 12, 2025, and Plaintiff served its responses on January 12, 2026 and has completed its production. Defendants believe that many of Plaintiff's objections are invalid and will meet-and-confer with Plaintiff's counsel after reviewing the document production.

**Plaintiff's Position:** The United States continues to share Plaintiff's concerns about the sufficiency of Defendants' document production and written discovery responses in the related case described in that joint management conference statement. The parties agree that they will produce electronically stored information (ESI) in its native format. If ESI cannot be produced or accessed in native format, the parties will produce it in PDF format, generated from its native format if possible. Information produced in PDF format will be Bates numbered.

**Defendants' Position**: Plaintiff in neither case has shown a basis for supposed concerns over preservation of ESI. If an actual dispute arises about the preservation of ESI, the parties can deal with it then.

**9.     Class Actions**

Not applicable.

**10.     Related Cases**

*Radice v. Jerusalem Boxing Club et al.*, No. 3:25-cv-02060 (N.D. Cal.); *Hirsch v. Native Grounds, Inc.*, No. 25CCV114083 (Cal. Sup. Ct. Alameda Cnty.).

**11.     Relief**

Pursuant to 42 U.S.C. § 2000a-5, the United States seeks only equitable relief.

**12.    Settlement and ADR**

The United States requests that the Court refer this case to mediation by a magistrate judge for a mediation to take place after the close of discovery to attempt to reach a resolution prior to preparing for trial.

**13.    Other References**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

Because this is a civil rights case filed by the United States, it is not appropriate for binding arbitration.  This case is also not appropriate for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The parties anticipate that certain issues will be narrowed by agreement or by motion once discovery commences.

**15.    Scheduling**

On February 27, 2026, the Court held a case management conference in this matter and in the related case. The court modified the case schedule as laid out in the table below. Due to religious observance of Passover, the parties agree to stipulate to the extensions of the Expert Disclosures deadline to April 13, 2026, the Expert Rebuttal Disclosures deadline to April 27, 2026, and of the Expert Discovery deadline to May 11, 2026. The parties have separately filed a stipulative order.

| Event | Current Dates | Proposed Dates |
| --- | --- | --- |
| Expert Disclosures | April 3, 2026 | April 13, 2026 |
| Expert Rebuttal Disclosures | April 17, 2026 | April 27, 2026 |
| Close of Discovery | May 1, 2026 | no change |
| Expert Discovery | May 1, 2026 | May 11, 2026 |
| Dispositive Motions | Filed by May 8, 2026 | no change |

| Opposition Briefs | May 22, 2026 | no change |
| Reply Briefs | May 29, 2026 | no change |
| Final Pretrial Conference | July 7, 2026 at 1:30 p.m., Courtroom 1, 17th Floor (no change) | no change |
| Trial Begins | July 20, 2026 at 9:00 a.m., Courtroom 1, 17th Floor (no change) | no change |

**16.    Trial**

Because the United States seeks only equitable relief, the parties are not entitled to a jury trial on these claims.  *See Tull v. United States*, 481 U.S. 412, 417 (1987).  *See* Case No. 3:25-cv-02060, Am. Compl. 16, ECF No. 18; Answer 1, ECF No. 35.  However, the parties in *Radice* have sought and are entitled to a jury trial on Radices' nonequitable claims.

Per the Court's Order granting a modified stipulated motion to coordinate the above-captioned case with *Radice v. Jerusalem Boxing Club, LLC, et al.*, Case No. 3:25-cv-02060-SI, the parties are coordinating discovery across the two cases.  The United States is willing to try its claims before a jury on the question of liability concurrently with the *Radice* plaintiffs.  The United States believes that doing so would promote judicial economy by avoiding a second trial on plaintiffs' respective Title II claims, as well as the potential for inconsistent rulings between a bench and a jury trial.  The parties expect the trial to last between three to four days.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Pursuant to Civil Local Rule 3-15, Defendants filed a disclosure stating that Native Grounds, Inc. has no parent companies and that no publicly traded company owns 10% or more of their shares.

**18.    Professional Conduct**

The parties' positions remain the same as the last Case Management Statement.  *See* ECF No. 18.  For the Court's convenience, those positions are reproduced below.

The parties confirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other**

SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT
CASE NO:  3:25-cv-04849-SI                                    6

None.

Dated: March 27, 2026

Respectfully submitted,

/s/ Mazen Basrawi (by express permission)
MAZEN BASRAWI
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

*Attorney for Plaintiff United States of America*

s/ Glenn Katon
GLENN KATON
Katon Law
WALTER RILEY
Attorneys for Defendants