Ramsey Judah (CA 342300)
Judah Law Group, LC
1026 Foothill Blvd
Upland, CA 91786
626 899 7667
ramsey@JudahLawGroup.com

Jonathan Wallace (*Admitted Pro Hac Vice*)
PO #728
Amagansett, NY 11930
917 359 6234
jonathan.wallace80@gmail.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
CALIFORNIA NORTHERN DISTRICT
OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HARARA, ET AL,<br><br>Defendant | Case No.: 3:25-cv-04849<br><br>Date: August 28, 2026<br>Time: 3pm<br>Hearing: CMC<br>Honorable Judge: Susan Illston<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |

COMES NOW, Defendants, by and through their attorney of record and files their answer, and in support of the same, would show unto the Court the following:

1. Deny all of the assertions of paragraphs 29, 30, 31, 32, 45, 47, 48, 52, 54, 55, 58, and 60.
2. Deny knowledge and information sufficient to form a belief as to the truth or falsity of paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 34,35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 49, 50, 51, 53, 56, 57
3. Paragraphs 15, 16 are legal assertions not requiring a response from Defendants.
4. Denies the assertion in paragraph 5 that defendant Harara lives in Oakland.
5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the assertions of paragraph 12, except admits that the coffeehouse exterior wall contains red triangles.
6. Deny knowledge and information sufficient to form a belief as to the truth or falsity of paragraph 27, except admits that Mr. Radice returned to the shop on August 3, 2024.
7. Deny that the individual from the prior encounter was working behind the counter in paragraph 28.
8. Denies knowledge and information sufficient to firm a belief as to the truth or falsity of paragraph 33, except denies that Mr. Harara and his employees yelled insults and epithets at Mr. Radice.

**FIRST AFFIRMATIVE DEFENSE-- First Amendment**

9. The case law is absolutely clear that anti-Zionism is not antisemitism (*StandWithUs Ctr. for Legal Just. v. Mass. Inst. of Tech., 158 F.4th 1 (1st Cir. 2025))*. There is no case law to the contrary.

10. Plaintiff has drafted this Complaint based on a misrepresentation of existing law, asserting that alleged questions and statements about Zionism and Israel are antisemitic.
11. Plaintiff had a duty under FRCP 11 to inform this Court that the Complaint argued for a reversal of existing law.
12. However, the Complaint was not filed to redress an incident of antisemitic discrimination, but to chill, suppress, punish, retaliate against, censor and end First Amendment-protected pro-Palestinian speech and criticism of Israel.
13. This constitutes viewpoint discrimination, a violation of Defendants' First Amendment rights.
14. It also constitutes retaliation, a violation of Defendants' First Amendment rights.
15. The intention of this Complaint to infringe First Amendment-protected rights is clearly signaled by the inclusion of the red triangles and drink names-- all First Amendment-protected expression, as to which no assertion is even made that the individuals, Radice and Hirsh, were aware of or affected by them.
16. Strict scrutiny applies, and Plaintiff will be unable to show that the institution of civil litigation against Defendants for pro-Palestinian First Amendment-protected expression was narrowly tailored to a compelling government interest.

**SECOND AFFIRMATIVE DEFENSE-- Unclean Hands**

17. Several Courts have held that the presumption of regularity no longer applies to Department of Justice litigation strategy or tactics in the Trump administration.
18. Assistant Attorney general Harmeet Dhillon, who signed the Amended Complaint, was hired into the administration specifically due to her prior experience suing defendants who advocated for Palestinian people or criticized Israel.

19. This action was brought without sufficient prior review by the Justice Department.

20. The Amended Complaint neither meets the Rule 11 standards as to the assertion of facts or of law.

21. Radice and Hirsh, the individuals whose alleged experiences are referred to in the Complaint, also acted with unclean hands.

22. On information and belief, each of them entered the Defendants' premises with the intention of provoking a confrontation which could then be utilized as the basis for litigation.

23. Each wore clothing items intentionally in the colors of the Israeli flag, a color scheme intentionally and sadistically used by people intending in bad faith to provoke a reaction from Arab and Muslim Americans, many of whom have lost friends and relatives under the relentless, cruel, genocidal bombing of Gaza.

24. Also, the phrase "Am Israel Chai" is very often used in consummate bad faith by people attempting to provoke Arab and Muslim Americans-- uttering "long live Israel" to people whose family or friends were murdered by Israeli forces is extraordinarily cruel.

25. These provocations by Radice and Hirsh and the bringing of a Complaint asserting First Amendment-protected reactions to Zionism and Israel as antisemitism radiate bad faith and unclean hands.

**COUNTERCLAIM--First Amendment**

36. Prior paragraphs are re-alleged.

37. The bringing of this lawsuit was a knowing inducement of this Court to participate in an act of viewpoint discrimination injurious to Defendant.

38. This lawsuit was also intended to retaliate against Defendants for their criticism of Israel and Zionism and advocacy for Palestinians.

39. Defendants have been harmed and chilled by this lawsuit.

40. Per *Elrod v. Burns,* having shown a violation of First Amendment rights, Defendants are not required to show other harm.

41. However, Defendants have been harmed by the expense, uncertainty, stress, and loss of time attributable to defending this action.

WHEREFORE, Defendants demand relief as follows: Dismissing the Amended Complaint in its entirety; granting permanent injunctive relief on the Counterclaim, against the prospective violation of their First Amendment rights by Plaintiff; together with its attorneys' fees; and such other and further relief as may be just and proper.

Date: July 9, 2026

/s/ Jonathan Wallace

Jonathan Wallace

**PROOF OF SERVICE**
**(1013A, 2015.5 C.C.P.)**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of Orange, State of California, I am over the age of eighteen years and not a party to the within entitled action; my business address is 1026 Foothill Blvd Upland, CA 91786.

On **July 10, 2026**, I served the foregoing MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS AND on the interested parties in this action:

Michael D. Meuti at mmeuti@beneschlaw.com
David M. Hopkins at dhopkins@beneschlaw.com
Corena G. Larimer at clarimer@adl.org
James Pasch at jpasch@adl.org
Brendan Hogan at bhogan@adl.org
Jonathan Wallace at jonathan.wallace80@gmail.com
Basrawi, Mazen (CRT) at mazen.basrawi@usdoj.gov
Yohannes Ejigu at yohannes.ejigu@usdoj.gov

By Mail [ ]

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Whittier, California.

By Personal Service [ ]

I caused such envelope to be delivered by hand to the office of the addressee(s).

By Email [ X ]

I caused such envelope to be delivered by electronic service to the office of the addressee(s).

By Facsimile [ ]

I caused such document to be transmitted via facsimile to the above-referenced telephone number(s).

State Service [ X ]

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Federal Service [ ]

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Ramsey Judah, Attorney