HARMEET K. DHILLON
Assistant Attorney General
ERIC SELL
Deputy Assistant Attorney General
CARRIE PAGNUCCO
Chief, Housing and Civil Enforcement Section
AMIE S. MURPHY (NYRN 4147401)
Deputy Chief, Housing and Civil Enforcement Section
MAZEN BASRAWI (CABN 235475)
Trial Attorney, Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Email: mazen.basrawi@usdoj.gov

*Attorneys for Plaintiff United States of America*

Mr. Abdel-Rahman Hamed
Hamed Law
P.O. Box 25085
Washington, DC 20027
abdelrahman@hamedlaw.com

*Attorney for Jihad Dphrepaulezz*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ABDULRAHIM FATHI HARARA and JERUSALEM BOXING CLUB, LLC,<br>Defendants. | Case No. 3:25-cv-04849-SI<br><br>**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING NARROWED SCOPE OF SUBPOENA TO NON-PARTY JIHAD DPHREPAULEZZ AND RESOLUTION OF MOTION FOR CIVIL CONTEMPT**<br><br>The Honorable Judge Thomas S. Hixson |

The United States of America and non-party witness Jihad Dphrepaulezz, by and through their respective counsel, hereby stipulate to and request the Court's consideration and granting of this Joint Stipulation and Proposed Order.

WHEREAS, the United States served a subpoena and notice of deposition on Mr. Dphrepaulezz, a non-party witness, with compliance originally required on June 9, 2026;

WHEREAS, Mr. Dphrepaulezz was unrepresented at the time the subpoena was served and has since retained counsel, who has appeared on his behalf for the limited purpose of responding to the subpoena and related discovery;

WHEREAS, counsel for the United States and counsel for Mr. Dphrepaulezz have met and conferred in good faith regarding the scope of the document requests accompanying the subpoena, and have agreed to narrow those requests as set forth below;

WHEREAS, Mr. Dphrepaulezz is a non-party who has never been employed by Defendants, patronizes the Jerusalem Coffee House as a customer, and has limited technological resources, relying primarily on a mobile telephone for personal communications;

NOW THEREFORE, the United States and Mr. Dphrepaulezz STIPULATE AND AGREE as follows:

1. The relevant time period for all document requests is narrowed from January 1, 2023 to the present, to July 1, 2024 through the present, corresponding to the commencement of the incidents alleged in the Complaint.

2. Request No. 1 (Communications with Defendant Harara). Request No. 1 is narrowed from "all communications with Harara" to communications between Mr. Dphrepaulezz and Defendant Abdulrahim Fathi Harara, within the time period set forth in Paragraph 1, concerning any of the following subjects:

a. this litigation, the coordinated action, or the incidents alleged in the Complaint;

b. the Jerusalem Coffee House and matters concerning the cafe generally, including its operations, physical premises, and security or video recording equipment;

c. the decor, artwork, signage, or menu items of the Jerusalem Coffee House, including the inverted red triangles painted on the exterior sidewall; and

d. statements concerning Jews, Jewish persons, or Zionists, including any statements alleged to be derogatory.

e. Counsel for Mr. Dphrepaulezz shall collect and review Mr. Dphrepaulezz's communications with Mr. Harara across the platforms and media by which they communicate, including SMS/text message, WhatsApp, social media messaging, and electronic mail, and shall produce those communications falling within subparagraphs (a) through (d). Nothing in this Stipulation requires production of communications with Mr. Harara falling outside these subject-matter categories.

3. Request No. 2 (Materials Referencing Complainants). Request No. 2 remains operative as propounded, seeking all documents, including photographs and audio and video recordings, and communications referencing the individual complainants identified in the Complaint. This request is not limited to communications with Mr. Harara.

4. Request No. 3 (Withdrawn). Request No. 3, seeking all documents and communications referencing Jews and/or Zionists, is WITHDRAWN by the United States, the subject matter of that request being adequately captured by Requests Nos. 1 and 2 above.

5. Request No. 4 (Payments). Request No. 4 remains operative as propounded, seeking all documents and records concerning or reflecting payments received from Harara, Jerusalem Boxing Club, Native Grounds, or Jerusalem Coffee House. If no responsive documents exist, Mr. Dphrepaulezz shall so certify in writing in lieu of production.

6. Request No. 5 (Menu and Decor). Request No. 5 remains operative as propounded and is not limited to communications with Mr. Harara. The parties clarify that responsive materials include mockups, design drafts, menus, and discussions or correspondence, whether with Mr. Harara or any third party, concerning the selection or creation of the cafe's menu or decor, including the inverted red triangles, as well as materials reflecting Mr. Dphrepaulezz's understanding or interpretation of the meaning of that symbol.

7. Request No. 6 (Incident Dates). Request No. 6 remains operative as propounded, seeking documents, audio and video recordings, social media posts, and communications concerning incidents occurring at or near the Jerusalem Coffee House on July 10, August 3, and October 26. The parties

acknowledge that Requests Nos. 2 and 6 overlap in part and agree that a single production of a responsive document satisfies both requests.

8. Privilege and Objections Preserved. Nothing in this Stipulation waives any objection, privilege, or protection available to Mr. Dphrepaulezz as a non-party, including any objection on grounds of undue burden or expense under Rule 45(d). Any material withheld on the basis of privilege shall be identified on a privilege log served concurrently with the production. The parties acknowledge that no attorney-client or employment-based privilege applies as between Mr. Dphrepaulezz and Defendant Harara.

9. Compliance Dates. Mr. Dphrepaulezz shall produce documents responsive to the subpoena, as narrowed by this Stipulation, on or before August 24, 2026, and shall appear for deposition on September 1, 2026, at a time and location to be confirmed by counsel. The parties agree that production in advance of the deposition serves the interests of efficiency for all participants.

10. Resolution and Withdrawal of Motion for Civil Contempt. The United States' pending Motion for Civil Contempt shall be held in abeyance pending Mr. Dphrepaulezz's compliance with Paragraph 9. Upon Mr. Dphrepaulezz's timely production of documents and appearance for deposition as set forth in Paragraph 9, the United States shall promptly withdraw the Motion for Civil Contempt with prejudice, and no sanction, monetary or otherwise, shall issue against Mr. Dphrepaulezz. Mr. Dphrepaulezz does not concede that his prior non-appearance was contumacious or willful, and the United States does not concede otherwise; the parties agree only that this Stipulation resolves the Motion without any finding of contempt. In the event Mr. Dphrepaulezz fails to comply with Paragraph 9, the United States may restore the Motion for Civil Contempt to the Court's calendar on no fewer than seven (7) days' notice, and Mr. Dphrepaulezz reserves all rights to oppose the Motion on any ground, including any ground relating to inability to comply. Any coercive sanction imposed shall be prospective only, shall accrue no earlier than the date of any subsequent order finding non-compliance, and shall be purgeable upon compliance.

11. Modification. This Stipulation may be modified only by further written agreement of the United States and Mr. Dphrepaulezz, or by order of the Court. The deadlines in Paragraph 9 may be extended by written agreement of counsel without further order of the Court.

Dated: July 30, 2026

Respectfully submitted,

/s/ *Mazen M. Basrawi*
MAZEN M. BASRAWI (CA 235475)
*Attorney for Plaintiff United States of America*

/s/ *Abdel-Rahman Hamed*
ABDEL-RAHMAN HAMED
*Attorney for Jihad Dphrepaulezz*

**~~[PROPOSED]~~ ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: July 31, 2026_____

HON. THOMAS S. HIXSON
United States Magistrate Judge